## Ruby v. City of Madisonville, et al.

(Decided February 2, 1923.)

### Appeal from Hopkins Circuit Court.

1. Municipal Corporations—Ordinance Providing for Sanitary Sewers —Petition for Injunction—Evidence.—In an action by a taxpayer to restrain a city from carrying out an ordinance creating a system of sanitary sewers, the exhibits offered in evidence and the admissions of the pleadings show that the ordinance was properly passed.

2. Municipal Corporations—Ordinance Providing for Sanitary Sewers —Double Assessments Upon Property.—In such circumstances of this case it was not necessary that a declaratory ordinance be passed stating the necessity of the sewers, nor was that part of the ordinance invalid which allowed double assessments upon corner lots fronting on more than one street.

GORDON and GORDON & MOORE for appellant.

BENJAMIN LOUIS NISBET for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

The trial court sustained a general demurrer to the petition of appellant Ruby, a citizen and taxpayer, by which he sought an injunction against the city of Madisonville, its mayor and board of council, to prevent it and them from carrying out an ordinance creating a system of sanitary sewers in that city. The petition, which is long and has attached to it many exhibits, avers that Madisonville is a city of the fourth class, and that the other defendants are the duly elected, qualified and acting members of the board of council of the said city; that the appellant Ruby is and was at all times mentioned in the petition, a citizen and taxpayer thereof, and the owner and in the actual possession of a certain described lot or parcel of land in the said city, bounded on one side by a public street and on the other by a partly constructed passway; that on August 21, 1922, the city council passed an ordinance for the creation of a system of sanitary sewers in the city and declaring the same necessary for the health and wellbeing of the city and its inhabitants; that the said ordinance is illegal and void because it was passed and adopted at an adjourned session of the city council and not at a regular session; that the said ordinance attempts in violation of law to charge the

entire cost of construction of the said sewer system not exceeding one dollar per front foot to the owners of lots and lands fronting, bordering and abutting upon the streets, alleys and public places within said city along which said sewers are constructed; and that the said ordinance attempts to adopt the ten-year bond plan for payment of the construction of said sewers under named sections of Kentucky Statutes, all of which, it is alleged in the petition, is not warranted by the laws governing fourth class cities. Notwithstanding the said averments of the petition, the exhibits filed with and made a part of the petition and the admissions of the said pleading clearly show the ordinance creating the system of sanitary sewers in said city, the cost of which is to be charged to the abutting property, was properly and regularly passed by the city council. Nor was it necessary for the city to pass in advance of the said ordinance a declaratory ordinance stating it was necessary for the city to have such a system of sanitary sewers. The ordinance was not invalid in that part which allows double assessments of corner or other lots fronting and abutting on more than one street, or because it authorized the improvement at the cost of the abutting property, or because it allowed the property holder to pay for the cost thereof on the ten-year bond plan. Each step taken by the council in the passage of the ordinance, as appears from the petition, substantially complied with the requirements of the statutes upon the subject. The trial court having sustained the demurrer to the petition and appellant having declined to further plead, and his petition being dismissed, the judment must be and is affirmed.

Judgment affirmed.